## Kinney v. Hutchinson.

(Decided May 4, 1920.)

### Appeal from Bracken Circuit Court.

Boundaries—Lines of Survey to be Followed.—In 1911, K. conveyed to H. a tract of land containing about 35 acres, "beginning at a hackberry tree"; thence with other courses and distances "to a large branch; thence up same South 48 and 30 West, 123 poles to the place of beginning." The controversy came up as to the location of this last line, K. contending that the branch was the line, while H. insisted that an old fence row west of the

branch was the line. Held, that the correct line is the straight line up the branch mentioned in the deed.

W. A. BYRON, ALLEN D. COLE and H. W. COLE for appellant.

M. HARGETT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Reversing.

This controversy between Kinney and Hutchinson concerns the location of a line between their respective lands. It appears that in 1911, Kinney sold to Hutchinson a tract of land "containing about 35 acres." The land is described as "beginning at a hackberry tree, corner to the land of Louis Kinney;" thence by various courses and distances "to a large branch; thence up same south 48 and 30 west, 123 poles to the place of beginning."

The controversy came up over the correct location of the last line "thence up same (branch) south 48 and 30 west, 123 poles to the place of beginning." Kinney claims that the line between him and Hutchinson is this branch, while Hutchinson contends that the line is an old fence on the west side of the branch. The lower court found that the old fence was the line, and from this judgment Kinney has prosecuted this appeal.

There is only about three-fourths of an acre of land which lies between the branch and the old fence on the west side of it in dispute, and the curious feature about the case is that although the land was surveyed by metes and bounds, courses and distances to Hutchinson when he bought it, both Kinney and Hutchinson seem in this litigation to ignore entirely the last line in the survey, one of them claiming that the branch on the east side of this line is the line between their lands, while the other one claims that an old fence on the west side of this line is the line between their lands.

Neither of them, however, makes any question as to the correctness of the survey, nor is there any question raised as to the location of the last line in the survey, which together with the other calls and distances appear in the deed made by Kinney to Hutchinson as they do in the field notes of the survey.

It appears from the evidence that this branch is a small stream that in rainy weather is filled with water,

but in the summer time is dry, except a few holes such as are commonly found in small branches and creeks. The surveyor, in answer to the question, "Now, from your field notes and from your recollection, do you know whether the division line was intended to be a straight line or was it intended to follow the meandors of the branch?"—answered: "I have examined my original field notes and find them to state that it was a straight line; I am always very careful to make special mention if the intention is to make the meandors of a branch or water course the line."

F. M. Kirk was present when the survey was made, and said that the line up this branch ran right close to the bank on the west side of it, that they did not cross the branch but ran on the bank all the way up the branch on the west side.

We refer to this evidence not because it is controlling as to where this line should be, but merely because it supports the deed, which calls for a straight line up this branch. Carter v. Elk Coal Company, 173 Ky. 378.

Under the facts of this case it seems quite clear that the straight line run by the surveyor up this little branch to the beginning, corner at the hackberry tree, is the real line between these parties, and all they need do to determine where this line is is to follow the field notes as they appear in the deed. The evidence shows that there was some talk between Hutchinson and Kinney before the survey and deed were made as to where this line should be located, but the deed takes the place of this talk and speaks for itself.

Wherefore, the judgment is reversed with directions to proceed in conformity with this opinion.